IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTEZ M. BOWENS | : | CIVIL ACTION |
| | : | NO. 14-2689 |
| v. | : | |
| | : | |
| EMPLOYEES OF THE DEPARTMENT | : | |
| OF CORRECTIONS, et al. | : | |

O'NEILL, J.                                                                 February 26, 2015

## MEMORANDUM

Plaintiff Montez M. Bowens, proceeding pro se and in forma pauperis, is an inmate

housed at the State Correctional Institute at Graterford.  On May 13, 2014, plaintiff filed a

complaint naming 68 defendants and asserting claims against them for alleged violations of his

rights under the Fourth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; the

Prison Rape Elimination Act, 42 U.S.C Section 15601[1]; and "the Mental Health Procedures Act

of Pennsylvania,[2] 50 P.S. § 7101 of 1975, Act # 143 as amended by Act 524 of 1978."  Dkt. No.

---

[1]        To the extent that plaintiff endeavors to assert a claim pursuant to the Prison Rape Elimination Act, it has been held that the PREA does not provide a private right of action.  See, e.g., Washington v. Folino, No. 11-1046, 2013 WL 998013, at *1 (W.D. Pa. Feb. 28, 2013), report and recommendation adopted, No. 11-1046, 2013 WL 980608 (W.D. Pa. Mar. 13, 2013) (Violations of these statutes [including the PREA] do not create a private cause of action); Nestor v. Director of Northeast Region Bureau of Prisons, No. 11–4683, 2012 WL 6691791, at *3 (D.N.J. Dec. 20, 2012) ("The Court is inclined to agree that Plaintiff may not assert a private claim under the PREA"); Johnson v. Rupert, No. 6:11CV446, 2014 WL 6969202, at *5 (E.D. Tex. Dec. 9, 2014) ("nothing in the Prison Rape Elimination Act suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act"); Morissette v. Superintendent of MCI Cedar Junction, No. 14-10246, 2014 WL 3896722, at *3 (D. Mass. Aug. 7, 2014) (PREA does not create a private right of action).  Accordingly, plaintiff's claim based upon any violation of the PREA will be dismissed.  Plaintiff may not reassert a claim under the PREA in any amended complaint as, in the absence of a private right of action, such a claim would be futile.

[2]        The basis for plaintiff's claim under Pennsylvania's Mental Health Procedures Act of 1976, 50 Pa. Stat. Ann. § 7101, et seq., is unclear from the face of his complaint and it will be dismissed with leave to amend.  The MHPA provides a general framework for involuntarily committing a person for mental health treatment.  Plaintiff asserts only that

1.  Now before me are a motion to dismiss brought on behalf of defendants Dr. P. Bratton and Dr. Martinez, Dkt. No. 20, and plaintiff's opposition thereto.  Dkt. No. 28.  For the reasons that follow I will dismiss plaintiff's claims against Bratton and Martinez with leave to amend.  Further, upon a screening review of plaintiff's claims against the other defendants[3] consistent with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, I find that dismissal of his claims is also warranted against them.

Also, now pending in this action are two motions by plaintiff seeking temporary restraining orders and protection from abuse orders (Dkt. Nos. 8 and 42), two motions by plaintiff for depositions and or interrogatories (Dkt. Nos. 39 and 40), his motion for production

---

defendants "refused to provide him with access to mental health care.  In[ ]spite of plaintiff[']s long history of mental health and retardation.  Thereby violating his[ ] First, Fourth, Eighth and Fourteenth Amendment rights under the United States Constitution."  Dkt. No. 3 at ECF p. 12. His complaint provides no specific explanation with respect to how any defendant's conduct violated any provision of the MHPA.  "To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[3]        The Graterford Defendants are represented separately from Bratton and Martinez. They were granted leave to depose plaintiff on November 12, 2014, Dkt. No. 38, but to date they have not filed an answer or otherwise responded to plaintiff's complaint.  According to the November 12, 2014 motion to depose plaintiff, Dkt. No. 37, the Graterford defendants are: Frank Regan, Jeffrey Brown, George Crane, Mark Knapp, Jedidiah Horne, Moises Mateus, Jose Mejias, Deron Nettles, George Smith, John Wetzel, Michael Klopotoski, Scott Miller, Robin Lewis, Keri Cross, Amanda West, Dorina Varner, James Barnacle, Keri Moore, Brian Taylor, Catherine Fliszar, Stacey O'Mara, Mary Canino, Michael Wenerowicz, Gregory Ondrejka, Jay Lane, Alfred Flaim, Mark Cox, David Gregoire, Shawn Roth, William Pollard, Pedro Mirabal, Algatha Poindexter, Selna Wanamaker, Tonnet Ferguson, Michael Zabresky, Adam Sharrer, Michael Laiuvara, Thomas Grenevich, Suzanne Karpinski, Joseph Terra, Joseph Yodis, Jaime Luquis, Andrew Thomas, Sean Allison, Jeffrey Baker, James Spagnoletti, George Robinson, Lizette Blakely, Victor Pena, Raymond Patton, Rachael Degideo, Wendy Shaylor, James Day, Charles Fix, Lawrence Ludwig, Richard Ransome and Laurel Harry.  See Dkt. No. 37.
        Also, to date, no appearance has been entered for defendants Goberwire, Roth, Roznich, A. Jones, Harris, James, Rivera, Day (if different from James Day), Webster or A. Macallender. Proof of service appears to have been filed for Goberwire, Dkt. No. 34 at ECF p. 13, Roznich, id. at ECF p. 20, and Harris, id. at ECF p. 31.  The docket does not appear to include proof that the other unrepresented defendants have been served.

of documents (Dkt. No. 41) and plaintiff's motion to amend his complaint (Dkt. No. 43).  No defendants have filed responses to any of these motions.  My rulings on these motions are further set forth below.

**I.**     **Bratton and Martinez's Motion to Dismiss**

    **A.**     **Background**

Plaintiff claims that "despite his complaint to the prison administration that he was being sexually abused by corrections officers, prison officers sought measures to cover up plaintiff['s] allegations."  Dkt. No. 1 at ECF p. 4.  Relevant here, Bratton and Martinez are psychiatrists at SCI-Graterford.[4]  Dkt. No. 20-2 at ECF p. 2.  The only allegations in the body of plaintiff's complaint that specifically address psychiatry or psychology are:  in paragraph 58, that "on November 8[,] 2013 plaintiff was admitted to the psychiatric observation cell,"  Dkt. No. 3 at ECF p. 9, citing Ex. 3; and in paragraph 67, that "on December 26, 2013 plaintiff sent a request to Dr. Fix of the department of psychology seeking aid and assistance in filling out a sexual abuse question[naire].  Dr. Fix recommended that I speak with my counselor."  Id. at ECF p. 10, citing Ex. 5.  Finally, in paragraph 77, plaintiff alleges that "on April 3, 2014 plaintiff filed a memorandum [r]egarding being denied mental health care.  This memo was sent to the Department of Corrections Bureau of Healthcare and chief psychologist, the deputy of internal security and to treatment specialist Suzanne Kaprinski.  Plaintiff has not received any relief as of current date."  Id. at ECF p. 11, citing Ex. 17.  No factual allegations in the body of plaintiff's complaint are specifically directed to either Bratton or Martinez.

In his response to the instant motion to dismiss, plaintiff argues that he "alleges that the defendants namely, Dr. P. Bratton and Dr. Martinez, refused to provide him with access to

---

[4]     Plaintiff's complaint incorrectly identifies Bratton and Martinez as psychologists.  See Dkt. No. 3 at ECF p. 3.

mental healthcare.  In order to aid and assist correctional officers in their continuance of sexual harassment and or sexual abuse of him."  Dkt. No. 28 at ECF p. 6.  He contends that "exhaustion of grievance [493326] directly incorporates Dr. P. Bratton as the psychiatrist who aided correctional officers.  In changing plaintiff[']s mental health status, thereby aiding and assisting the sexual abuse that plaintiff had undergone."  Id.  In the grievance, which is attached as an exhibit, plaintiff states that

> staff put pressure on Dr. P. Bratton to change my mental health level from[ ]a (C) to a (B).  Not because I[']m making progress and have become mentally stable, rather the change was made to hav[e] me removed from the special needs unit.  Because I observed the above mentioned staff engaging in acts of sexual exploita [sic] with inmates that have ch[ro]nic to se[vere] mental health disorders.  Who really don't understand that they are being exploited socially, emotionally or otherwise.

Id. at ECF p. 7, citing Ex. 1 at ECF p. 24.

In support of his claims in his response to the motion to dismiss plaintiff also cites the initial review response to his grievance 489823 which he claims states that "the signs and gestures you claim are sexual harassment . . . . . . . etc."  Dkt. No. 28 at ECF p. 8.  In fact, in the grievance response M. Cox wrote:

> The signs and gestures which you claim are sexual harassment do not meet the guidelines for sexual harassment.  Video footage did not show any male officers spending substantial amount of time at your cell nor did they show or appear to show the "gestures" that you identified in your grievance and explained in your official statement.

Dkt. No. 28 at ECF p. 22.  The grievance response references Dr. Martinez, saying that "as agreed upon in our interview you are being recommended to speak with Dr. Martinez and should hear from him soon.  I encourage you to accept any help offered from Dr. Martinez's office."  Id.  Plaintiff's response to the motion to dismiss claims that Martinez "deliberately declined to speak

with the plaintiff regarding issues related to sexual harassment and or sexual abuse or any issues dealing with sexual victimization which gives rise to the issue plaintiff cited in his complaint paragraph # 77 . . . ." Dkt. No. 28 at ECF p. 8.

Plaintiff's complaint alleges that he has exhausted his administrative remedies with respect to certain of his grievances, see Dkt. No. 3 at ¶¶ 15, 38,45, 47, 63, 66, 68, and that, at least in some instances, there has been a "deliberate failure to reply back to grievances." Id. at ¶ 51. He appears to admit, however, that with respect to certain grievances he is currently awaiting final review of his appeals. See id. at ¶ 64(grievance 489823), ¶ 69 (grievance 489857), ¶ 70 (grievance 493326), ¶ 72 (grievance 494952), ¶ 80 (grievance 482286).

**B.     Standard of Review**

To survive Bratton and Martinez's motion to dismiss pursuant to Rule 12(b)(6), plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating defendants' motion, I must separate the legal and factual elements of plaintiff's claims, accept the well-pleaded factual allegations as true and disregard any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). I "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211, quoting Iqbal, 556 U.S. at 679. A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679, quoting Fed. R. Civ. P. 8(a)(2). Where, as here, plaintiff is

proceeding pro se, I have "an obligation to construe the complaint liberally." <u>Giles v. Kearney</u>, 571 F.3d 318, 322 (3d Cir. 2009). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013).

### C.    Personal Involvement

It is well established that in order to state a § 1983 claim against state officials in their individual capacities[5] plaintiff must allege facts sufficient to raise a plausible inference that the state officials were personally involved in violating the plaintiff's constitutional rights. <u>See</u> <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005), <u>citing</u> <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." <u>Rode</u>, 845 F.2d at 1207 (citations omitted). Such allegations "must be made with appropriate particularity." <u>Id.</u>

Here, aside from naming Bratton and Martinez as defendants, plaintiff makes no specific allegations in the body of his complaint concerning their personal involvement in the underlying events. Even the grievances which plaintiff cites in his response to defendants' motion to

---

[5]    Plaintiff's complaint does not specify whether he seeks to sue defendants in their individual or official capacities or both. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989). To the extent that he seeks money damages rather than prospective injunctive relief, any claims against Martinez and Bratton in their official capacities are prohibited by the Eleventh Amendment, which, subject to certain exceptions that are not applicable here, bars suits in federal court by a private party against states or state agencies. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n.14 (1985); <u>see also</u> <u>Melo v. Hafer</u>, 912 F.2d 628, 635 (3d Cir. 1990) ("In a suit against state officials in their 'personal' capacity, however, where the plaintiff seeks recovery from the personal assets of the individual, the state is not the real party in interest; the suit is therefore not barred by the Eleventh Amendment."). Accordingly, I will dismiss plaintiff's claims for money damages against Martinez and Bratton insofar as he seeks relief against them in their official capacities.

dismiss are not sufficient under Twombly to support a finding that plaintiff has sufficiently

alleged the personal involvement of Bratton or Martinez.  Although plaintiff's complaint, with its

attachments is quite lengthy, nowhere does he allege facts to support his claim that Bratton in

fact "change[d his] mental health level from[ ]a (C) to a (B)," Dkt. No. 28 at ECF p. 7, citing Ex.

1 at ECF p. 24,[6] or facts to support a plausible claim that Bratton made any such change with

"deliberate indifference" to plaintiff's medical needs in violation of his rights under the Eighth

Amendment.  See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

Likewise, plaintiff's complaint and its attached grievances lack any factual allegations that

would support his claim that Martinez "deliberately declined to speak with the plaintiff regarding

issues related to sexual harassment and or sexual abuse or any issues dealing with sexual

victimization which gives rise to the issue plaintiff cited in his complaint paragraph # 77 . . . ."

Dkt. No. 28 at ECF p. 8.  Plaintiff's threadbare allegations of Bratton and Martinez's personal

involvement in the claimed violations of his rights are insufficient to satisfy the pleading

requirements set forth in Twombly and will be dismissed.

        D.      Exhaustion of Remedies

        Martinez and Bratton argue that even if plaintiff's complaint sets forth a plausible claim

for relief against them, his claims against them must be dismissed for failure to exhaust his

administrative remedies.  Dkt. No. 20-2 at ECF p. 4.  "An inmate is prohibited from bringing a

civil rights suit alleging specific acts of unconstitutional conduct by prison officials 'until such

administrative remedies as are available are exhausted.'"  Bond v. Horne, 553 F. App'x 219, 222

---

[6]        Plaintiff makes this claim in grievance 493326 which is cited in his complaint at
paragraph 70.  Dkt. No. 3 at ECF p. 10, citing Ex. 9 ("On January 10, 2014, plaintiff file[d]
grievance number 493326 regarding a systemic sexual abuse coverup at this institution.
Plaintiff['s] claim was investigated by Lieutena[n]t Goberwire.  Who could not substantiate
plaintiff['s] claim.  Plaintiff is currently awaiting an appeal for final review.").

(3d Cir. 2014), quoting 42 U.S.C. § 1997e(a).  "Exhaustion is an affirmative defense that the defendant must plead and prove."  Breeland v. Baker, 439 F. App'x 93, 95 (3d Cir. 2011), citing Jones v. Bock, 549 U.S. 199, 216 (2007); see also Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002) (holding that failure to exhaust is an affirmative defense and finding that the district court erred in imposing an improperly heightened pleading standard that required the prisoner not only to plead, but also to prove, exhaustion in the complaint).  "[A] court may dismiss claims if the complaint is clear on its face that the plaintiff did not exhaust available administrative remedies."  Livingston v. Appel, No. 11-2764, 2014 WL 6860539, at *3 (E.D. Pa. Dec. 5, 2014), citing Jones, 549 U.S. at 214-15.

In their exhaustion argument, Martinez and Bratton note that "[i]n his Complaint, plaintiff mentions the filing of approximately 25 grievances and attached portions of his grievance records as exhibits."  Dkt. No. 20-2 at ECF p. 5.  They then explain that "[i]n addition to reviewing these records, counsel for Dr. Bratton and Dr. Martinez subpoenaed a complete copy of any and all grievance files and documentation pertaining to plaintiff from 2011 to the present" and that the DOC responded by producing "records related to close to 100 grievances, including those mentioned by Plaintiff in his complaint."  Id.  Defendants attach to their motion to dismiss five of plaintiffs' grievances and the responses thereto, Dkt. No. 20-5 (including grievances numbered 6511625, 494736, 493567, 493326 and 448217), along with a copy of the Pennsylvania Department of Corrections' Inmate Grievance System, Policy No. DC-ADM 804, effective May 1, 2014.  Dkt. No. 20-3.  Plaintiff's complaint, however, does not appear to include as exhibits all of the materials appended to Martinez and Bratton's motion.  For example, plaintiff has not attached to his complaint the grievance rejections that Martinez and Bratton have attached at Docket No. 20-5, ECF p. 2 (re: grievance 494736), 4 (re: grievance 493567), 15

(re: grievance 448217) and 17 (also re: grievance 448217).[7]  See Dkt. No. 3.

Under Rule 12(d) of the Federal Rules of Civil Procedure, if, on a motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  Given the discrepancy between plaintiff's submissions to the Court and Bratton and Martinez's exhibits I find that I would have to convert their motion into a motion for summary judgment in order to consider the materials they have attached.  However, under Rule 12(d) all parties "must be given reasonable opportunity to present all the material that is pertinent to the motion" for summary judgment.  Fed. R. Civ. P. 12(d).  The Court of Appeals has held that "adequate notice in the pro se prisoner context includes providing a prisoner-plaintiff with a paper copy of the conversion Order, as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule 56(f) affidavit."  Renchenski v. Williams, 622 F.3d 315, 340 (3d Cir. 2010).  Martinez and Bratton have not asked me to convert their motion into a motion for summary judgment.  Nor has plaintiff otherwise been notified pursuant to the requirements set forth in Renchenski that this Court might convert Martinez and Bratton's motion to dismiss into a motion

---

[7]  Nor did plaintiff attach to his complaint his appeal from the findings of the initial review response for grievance 493326.  Dkt. No. 20-5 at ECF p. 8.  In his complaint plaintiff alleges that he "is currently awaiting appeal for final review of this grievance."  Dkt. No. 3, at ¶ 70.  Bratton and Martinez contend that plaintiff has not "exhaust[ed] his administrative remedies [with respect to this grievance] because he failed to properly comply with the appeals process."  Dkt No. 20-2.  However, in the document provided by Bratton and Martinez – a February 14, 2014 memo that plaintiff wrote to Superintendent Mike Wenerowicz regarding his appeal of the initial review response for this grievance, plaintiff claimed that the initial review officer did not follow proper procedure when investigating the grievance.  Dkt. No. 20-5 at ECF p. 8.  "A grievance procedure is not available even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it."  Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (finding the administrative process was not available to inmate where prison staff refused to provide him with necessary forms).  Viewing the facts in the light most favorable to plaintiff, the document supplied by Bratton and Martinez would make it at least arguable that plaintiff did not have procedures "available" to him to exhaust this grievance.

for summary judgment.  Because plaintiff has not been provided with proper notice, I will not convert this motion and will not here rely on the documents submitted by Martinez and Bratton that were not attached to plaintiff's complaint.  See Verbanik v. Harlow, 441 F. App'x 931, 935 (3d Cir. 2011) ( "the District Court erred in considering matters outside the pleadings without advising the parties that defendants' motion would be treated as a summary judgment motion and providing [the plaintiff] an opportunity to present his own affidavit in response"); Breeland, 439 F. App'x at 95 (finding the district court erred by converting the defendants' motion into a motion for summary judgment where the plaintiff was not given notice of the intention to convert a motion to dismiss  "argued that he had indeed appealed all the way to" exhausting his administrative remedies); Livingston v. Appel, No. 11-2764, 2014 WL 6860539, at *3 (E.D. Pa. Dec. 5, 2014) (declining to grant the defendants motion to dismiss or to convert the defendant's motion into a summary judgment motion and ordering "the parties to take discovery initially on the issue of exhaustion of administrative remedies within sixty days, with leave for [the] Defendants to renew their motion for summary judgment on this issue at the end of the sixty-day period").

Construing the allegations in plaintiff's complaint and its attachments in the light most favorable to him, I cannot say that "the complaint is clear on its face that the plaintiff did not exhaust available administrative remedies."  Livingston, 2014 WL 6860539, at *3.  Accordingly, I decline to find that plaintiff's failure to exhaust his administrative remedies warrants dismissal of his claims against Martinez and Bratton or that it renders futile any amendment of his claims against them.  Should plaintiff choose to amend his claims against them, Martinez and Bratton will be permitted to raise the issue of exhaustion in a properly supported motion for summary judgment at the appropriate time.  See Breeland, 439 F. App'x at 96.

-10-

**II.    Plaintiff's Claims Against the Other Defendants**

Plaintiff's complaint was filed on May 13, 2014, and counsel for the Graterford

defendants entered an appearance in this matter in August 2014.  Dkt. Nos. 19, 21, 13.  I note

that, to the extent that they have been properly served or waived service of plaintiff's complaint,

the defendants other than Martinez and Bratton have not met their obligation to respond to

plaintiff's complaint in accordance with Rule 12(a) of the Federal Rules of Civil Procedure,

which provides in relevant part that "[a] defendant <u>must</u> serve an answer:  (i) within 21 days after

being served with the summons and complaint; or (ii) if it has timely waived service under rule

4(d), within 60 days after the request for a waiver was sent . . . ."  Fed. R. Civ. P. (a)(1)(A)

(emphasis added).[8]

However, and in spite of the other defendants' failure to respond, because plaintiff is a

prisoner who is proceeding in forma pauperis, I am obligated under 28 U.S.C. § 1915(e)(2) to

consider sua sponte whether his "action . . . (i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief."  28 U.S.C. § 1915(e)(2)(B).  Also, 28 U.S.C. § 1915A imposes an affirmative

duty on me to review the complaint "in a civil action in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity," and to "dismiss the

complaint, or any portion of the complaint," if it is found to be "frivolous, malicious, or fails to

state a claim upon which relief may be granted."  28 U.S.C. § 1915A(a), (b).  "In determining

whether a complaint should be dismissed for failure to state a claim pursuant to § 1915(e)(2) or

---

[8]      Plaintiff has not sought to obtain the entry of a default from the Clerk of Court.
<u>See</u> Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is
sought has failed to plead or otherwise defend, and that failure is shown by affidavit or
otherwise, the clerk must enter the party's default.").

§ 1915A, a court applies the same standard applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."  McKinney v. Giorla, No. 11-4188, 2012 WL 1521853, at *2 (E.D. Pa. Apr.30, 2012). citing Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (addressing § 1915A) and Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (addressing § 1915(e) (2)(B)(ii)).

> As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired.  Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights.  When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims.

Gadra-Lord v. Varano, No. 12-02426, 2014 WL 7139798, at *7 (M.D. Pa. Dec. 12, 2014) (citations omitted).  I will dismiss plaintiff's claims against the other defendants for the reasons that follow.

First, for the reasons set forth in footnote four of this Opinion, in accordance with the Eleventh Amendment, dismissal of plaintiff's claims is warranted against all defendants in their official capacities insofar as he seeks to recover monetary damages for the alleged violations of his rights.  See Dkt. No. 3 at ECF p. 12 ("Plaintiff is seeking $42,000.00 in compensatory and punitive damages.  Compensatory damages from each defendant, jointly and severally.  For failing to protect plaintiff, Montez Bowens from the long term sexual abuse he encountered while incarcerated at S.C.I. Graterford.").

Further, to withstand dismissal, "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 556 U.S. at 676.  His complaint must allege the particulars of conduct, time, place and person responsible.  Evancho v. Fisher, 423 F.3d 347, 354 (3d Cir. 2005).  Personal involvement can be

shown by allegations of personal direction or of actual knowledge and acquiescence.  Rode v.

Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  I find that plaintiff has not sufficiently

alleged certain defendants' personal involvement to withstand dismissal for failure to state a

claim.

Although he lists the names of 68 individuals as defendants in his complaint, the

following defendants do not appear to be specifically identified in any of the allegations set forth

in the body of plaintiff's complaint:  John Wetzel, Dorina Varner, Keri Cross, Lural Harry,

Goberwier, Pollard, Taylor, Crane, Mirabal, Mejas, anyone with James as a last name, Rivera,

Nettles, Webster, Horne, Pena, Patton, Degideo, Stacy Omara (or Stacey O'Mara), J. Terra, J.

Luquis, A. Maccallender, Robin Lewis, and Allison.  See Dkt. No. 3.  Because plaintiff has not

set forth any allegations that state the personal involvement of these defendants in the wrongs he

allegedly suffered, I find that dismissal of plaintiff's claims against them is warranted, albeit with

leave to amend.

Plaintiff does identify 44 of the 68 named defendants in specific allegations in the body

of his complaint (not including Martinez or Bratton).[9]  Id.  With respect to plaintiff's claims

against Roth, Ondrejka, Lane, Regan, Fliszar, Canino, Roznich, Knapp, Degideo, R. Jone,

Thomas, Ludwig, Flaim, Spagnoletti, Philip, Roth, Binder, Shaylor, White, Bakker,

Wenerowicz, Mary Rosetta, Keri Moore, Amanda West, James Barnacle, T. Grenevich, Mary

Canino, M. Cox, Dr. Fix, Scott Miller, Klopotoski, Moore, Suzanne Karpinski and J. Yodis, his

---

[9]      The defendants identified in specific allegations are:  Ferguson, Roth, Ondrejka,
Lane, Regan, Fliszar, Canino, Roznich, Knapp, Digideo/Degideo, R. Jone, Thomas, Ludwig,
Flaim, Spagnoletti, Philip, Binder, Piontdexter/Pointdexter, Blakely, Sharer/Sharrer, Wendy
Shaylor, Zabresky, D. White, Robison/Robinson, Ransome, J. Brown, Bakker/Baker,
Wenerowicz, G.E. Smith, Mary Rosetta, Keri Moore, Amanda West, James Barnacle, G.P./G.E.
Smith, T. Grenevich, S. Wanamaker, Mary Canino, M. Cox, Dr. Fix, Scott Miller, Klopotoski,
Shireley Moore, Suzanne Karpinski, J. Yodis, A. Jones.  Dkt. No. 3.

claims amount to nothing more than that they transmitted information regarding plaintiff's complaints, received or viewed copies of his complaints, did nothing after they became aware of his complaints, failed to sufficiently investigate or resolve his grievances or filed misconduct reports against him.  I find that his complaint against these defendants is deficient in that his allegations are not sufficient to show their involvement in the alleged underlying deprivation of his rights.  See e.g., Woods v. First Corr. Med., Inc., 446 F. App'x. 400, 403 (3d Cir. 2011) ("a prisoner has no free-standing constitutional right to an effective grievance process"); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation).

Finally, with respect to plaintiff's claims against Sharrer and Zabresky, he alleges only that he filed grievances that they were "sexually harassing him," but does not specifically allege any particulars regarding their allegedly harassing conduct, such as the alleged time or place. Dkt. No. 3 at ¶ 27, 29.  In his claims against Ferguson, Poindexter, Blakely, G.E./G.P. Smith and S. Wanamaker, plaintiff alleges that defendants interacted with him in a way that was flagrantly sexual and that involved inappropriate behavior.  He does not allege, however, that any of their alleged behavior involved contact or touching or that the behavior caused him to suffer pain. Although the Court of Appeals for the Third Circuit "has not specifically addressed the circumstances under which a correctional officer can be held liable for the sexual harassment of an inmate," courts elsewhere have held that "sexual harassment in the absence of contact or touching does not establish excessive and unprovoked pain infliction" as is required to state a claim for a constitutional violation.  Chambliss v. Jones, No 14-2435, 2015 WL 328064, at *3 (M.D. Pa. Jan. 26, 2015) (citations omitted); Boxer X v. Harris, 437 F.3d 11107, 1111 (11th Cir.

-14-

2006) (finding that solicitation of a prisoner's masturbation, even under the threat of retaliation does not violate the Eighth Amendment); Morales v. Mackalm, 278 F.3d 126, 129 (2d Cir. 2002) (finding that a demand for sex in front of other female staff does not rise to the level of an Eighth Amendment violation), overruled on other grounds in Porter v. Nussle, 534 U.S. 516 (2002); ee also Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997) ("To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind.") (citation omitted).  "While the behavior alleged by [plaintiff] on the part of [these defendants] may be inappropriate, without allegations of direct physical contact and, or, pain, it does not rise to the level of an Eighth Amendment Violation." Chambliss, 2015 WL328064, at *3.[10]  Dismissal of plaintiff's claims is therefore warranted against the defendants other than Martinez and Bratton.

## III.    Leave to Amend

"[I]n civil rights cases district courts must offer amendment – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247,

---

[10]    Nor are plaintiff's allegations sufficient to show a conspiracy resulting in a "full scale sexual abuse coverup with inmates performing sexual acts on demand for both male and female officers and other employees."  Dkt. No. 3 at ¶ 21.  Any

> allegations [of conspiracy] must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives.  Bare conclusory allegations of "conspiracy" . . . will not suffice to allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred.

Flanagan v. Shively, 783 F. Supp. 922, 928 (M.D. Pa. 1992).

251 (3d Cir. 2007); see, e.g. Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004) ("[E]ven

when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal,

a District Court must permit a curative amendment, unless an amendment would be inequitable

or futile.").  The Court will grant plaintiff leave to amend his claims against the dismissed

defendants only to the extent that he is able to set forth sufficient allegations to show that any

defendant was personally involved in conduct sufficient to constitute a violation of his rights.  To

the extent that he seeks monetary relief rather than prospective injunctive relief, any amended

claims against the dismissed defendants must be brought against them in their individual

capacity only.

    Plaintiff is cautioned that should he choose to file an amended complaint it must contain

allegations that are "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), such that it will permit

defendants to "meaningfully answer or plead to it" and not be "left . . . having to guess what of

the many things discussed" constitute any alleged violations of plaintiff's legal rights.  Binsack

v. Lackawanna Cnty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011).  Plaintiff must make clear

which claims are being asserted specifically against which defendants and the specific factual

basis for each claim against each defendant, as well as the specific relief being sought and the

grounds for that relief.  His allegations should also be specific as to time and place.  The Court

reminds plaintiff that "conclusory or 'bare-bones' allegations will [not] survive a motion to

dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.'  To prevent dismissal, all civil complaints must now set out

'sufficient factual matter' to show that the claim is facially plausible."  Fowler v. UPMC

Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678.  In addition, any

amended complaint must be complete in all respects.  It must be a new pleading that stands by

itself as an adequate complaint without reference to any documents already filed.

## VI.   Plaintiff's Motion to Amend

On January 6, 2015, plaintiff filed a motion seeking to amend his complaint.  Dkt. No.

43.  Defendants have not filed a response to this motion.[11]  In his request for leave to amend,

plaintiff asserts claims for retaliatory conduct that he alleges is related to the filing of his

complaint in this action.  Id.  Because I have dismissed the claims in plaintiff's complaint for the

reasons set forth above, I will deny his motion for leave to amend as moot.

## IV.   Plaintiff's Motions for Temporary Restraining Orders and Protection from Abuse Orders

Also now pending in this action are two motions by plaintiff seeking temporary

restraining orders and protection from abuse orders.  Dkt. Nos. 8 and 42.  In the motions plaintiff

claims that he "continues to be sexually harassed by correctional officers," Dkt. No. 8 at ECF p.

2, that "the prison administration purposely took measures to cover up" his grievances that "he

was being sexually abused and harassed by staff," id. at ECF p. 1, and that he has "undergone a

campaign of terror and harassment" as a result of his grievances "regarding staff sexual

misconduct."  Dkt. No. 42 at ECF p. 3.  Defendants have not responded to these motions.

Injunctive relief is an "extraordinary remedy and should be granted only in limited

circumstances."  Kos Pharm. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal

quotations and citation omitted).  Because I find that plaintiff's complaint fails to state a claim,

and his requests for injunctive relief arise out of the same conduct underlying the claims in his

---

[11]      Nor have defendants requested an extension of time to respond to plaintiff's
motion.  Defendants are reminded that under Rule 7.1 of the Local Rules of the Eastern District
of Pennsylvania, any party opposing a motion "shall serve a brief in opposition, together with
such answer or other response that may be appropriate, within fourteen (14) days after service of
the motion and supporting brief.  In the absence of timely response, the motion may be granted
as uncontested except as provided under Fed. R. Civ. P. 56."

complaint, I find that he has not demonstrated a likelihood of success on the merits.

Accordingly, I will deny plaintiff's requests for injunctive relief.  See id. (holding that to obtain

the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a

likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is

denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving

party; and (4) that the public interest favors such relief").

## V.    Plaintiff's Motions for Discovery

Finally, plaintiff has also filed two motions for depositions and or interrogatories (Dkt.

Nos. 39 and 40), and a motion for production of documents (Dkt. No. 41).  As with plaintiff's

other motions, defendants have not responded to these motions.  Because I have dismissed

plaintiff's claims, I will deny his motions seeking discovery without prejudice to their renewal if

and when he files an amended complaint.[12]

An appropriate Order follows.

---

[12]        Plaintiff is reminded of his obligation to comply with Local Rule 26. l(f) which
provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure
governing discovery or pursuant to this rule shall be made unless it contains a certification of
counsel that the parties, after reasonable effort, are unable to resolve the dispute."  E.D. Pa. R.
Civ. P. 26.1(f).  Consistent with my Order of May 13, 2014, plaintiff shall attempt to "resolve
any discovery disputes by contacting defendant's counsel directly by telephone or through
correspondence." Dkt. No. 3 at ¶ 7.