IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTEZ M. BOWENS | : | CIVIL ACTION |
| | : | NO. 14-2689 |
| v. | : | |
| | : | |
| EMPLOYEES OF THE DEPARTMENT | : | |
| OF CORRECTIONS, et al. | : | |

O'NEILL, J.                                                                                                                                                                                 June 15, 2016

**<u>MEMORANDUM</u>**

Plaintiff Montez M. Bowens, proceeding pro se and in forma pauperis, is an inmate housed at the State Correctional Institute at Graterford. In his amended complaint, plaintiff

> claims that, despite his persistent claims to the prison administration that he was being sexually abused by correctional officers. And that he was undergoing flagrant and egregious acts of retaliation by staff. For reporting allegations of sexual abuse. Officials also denied plaintiff access to mental health treatment. Exacerbating and worsening a pre-existing serious mental health illness. The prison administration minimized, down-played and failed to implement policy based investigations into plaintiff's claims.

Dkt. No. 48 at ECF p. 3. He asserts claims against numerous defendants[1] pursuant to 42 U.S.C.

---

[1] I seriously question whether plaintiff's claims against each of the numerous defendants – claims which arise from factual allegations pertaining to events occurring on a range of dates between 2011 and 2014 – are sufficiently related so as to be properly joined in one action.

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

§ 1983 for alleged violations of various policies of the Department of Corrections, violations which he claims amount to violations of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. Id. He also asserts that the practices of which he complains violate his rights pursuant to Title II of the Americans With Disabilities Act. Id. at ECF p. 36. Plaintiff alleges that "[a]ll parties in this amended complaint are being sued in their individual capacities. In lieu of $42,000.00 each [sic]. Totaling $3,000,000 (Three million dollars). In compensatory and punitive damages."[2] Dkt. No. 48 at ECF p. 3.

Now before me is a motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by the Graterford defendants: Frank Regan, Jeffrey Brown, George Crane, Mark Knapp, Jedidiah Horne, Moises Mateus,[3] Jose Mejias, Deron Nettles, George Smith, John Wetzel, Michael Klopotoski, Scott Miller, Robin Lewis, Keri Cross, Amanda West, Dorina Varner, James Barnacle, Keri Moore, Brian Taylor, Catherine Fliszar, Stacey O'Mara, Mary Canino, Michael Wenerowicz, Gregory Ondrejka, Jay Lane,

---

Fed. R. Civ. P. 20(a)(2). "The requirements prescribed by Rule 20(a) [of the Federal Rules of Civil Procedure] are to be liberally construed in the interest of convenience and judicial economy." Salley v. Wetzel, No. 12-1515, 2013 WL 3157558, at *3 (M.D. Pa. June 20, 2013), aff'd 565 F. App'x 77 (3d Cir. 2014). "However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." Salley at *3, citing Pruden v. SCI Camp Hill, 252 F. App'x 436 (3d Cir. 2007). Defendants do not cite Rule 20 in their motion and despite my concern, I will not dismiss plaintiff's amended complaint for any failure to comply with Rule 20.

I also question whether plaintiff's 58 page long amended complaint with 279 pages of attachments can be said to contain allegations which are simple, concise and direct" in accordance with the requirements of Rule 8. Fed. R. Civ. P. 8. However, I will not dismiss plaintiff's amended complaint for any failure to comply with Rule 8.

[2] Rule 5.1.1 of the Local Rules of Civil Procedure provides that "no pleading asserting a claim for unliquidated damages shall contain any allegation as to the specific dollar amount claimed, but such pleadings shall contain allegations sufficient to establish the jurisdiction of the Court." E.D. Pa. Local R. Civ. P. 5.1.1. Because the Court's jurisdiction in this case is based on the existence of a federal question, plaintiff need not plead a specific amount-in-controversy and I will disregard plaintiff's reference to a specified amount of damages.

[3] Plaintiff spells this name as Matues. See, e.g. Dkt. No. 48 at ECF p. 26, ¶ 105(A.)

Alfred Flaim, Mark Cox, David Gregoire,[4] Shawn Roth, William Pollard, Pedro Mirabal, Algatha Poindexter, Selina Wanamaker, Tonette Ferguson, Michael Zabresky, Adam Sharrer, Michael Laiuvara, Thomas Grenevich, Suzanne Karpinski, Joseph Terra, Joseph Yodis, Jaime Luquis, Andrew Thomas, Sean Allison, Jeffrey Baker, James Spagnoletti, George Robinson,[5] Lizette Blakely, Victor Pena, Raymond Patton, Rachael Degideo, Wendy Shaylor, James Day, Charles Fix, Lawrence Ludwig, Richard Ransome, Christopher Rozich, Mary Rosetta, Jones, Harris, D.C. James, E. Rivera, Webster, Boone, McCallender, D.K. James, A. Avila, R. Terra, Brady, Grunder, Kerry Kerschner, Robert Terra and Laurel Harry.[6] Dkt. No. 60.[7] In ruling on their motion, I must consider whether, "nestled amongst the hundreds of allegations in [this] suit [are even] a small number that [are] both well pleaded and not facially meritless."[8] Washington

---

[4] Per the Graterford defendants, plaintiff has identified him as "Goberwire." Dkt. No. 60 at ECF p. 4.

[5] Plaintiff's amended complaint refers to a defendant named "Robison," not Robinsion. See Dkt. No. 48 at ECF p. 13, ¶ 42.

[6] Harry, Varner, Fix and West were named in plaintiff's original complaint but are not named in his amended complaint and plaintiff therefore has no claims pending against them. See, e.g. Dkt. No. 35 at ECF p. 58.

[7] Also pending in this action is a motion for summary judgment by defendants Dr. P. Bratton and Dr. Martinez, who are psychiatrists at SCI-Graterford. See Dkt. No. 68. I do not consider it here.

[8] To survive the Graterford defendants' motion to dismiss, plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating the Graterford defendants' motion, I must separate the legal and factual elements of plaintiff's claims, accept the well-pleaded factual allegations as true and disregard any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). I "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211, quoting Iqbal, 556 U.S. at 679. A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679, quoting Fed. R. Civ. P. 8(a)(2). Where, as here, plaintiff is proceeding pro se, I have "an obligation to construe the complaint liberally." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Nevertheless, "pro se litigants still must allege sufficient facts in their

v. Grace, 533 F. App'x 68, 70 (3d Cir. 2013). For the reasons that follow, I find that there are none with respect to the Graterford defendants. Therefore I will grant their motion.

**I.     ADA Claim**

Title II of the ADA prohibits "public entit[ies]" from excluding or discriminating against individuals with disabilities. 42 U.S.C. § 12132. The Graterford defendants argue plaintiff's ADA claim should be dismissed because "[t]he Court of Appeals has found that there is no individual liability[9] under the Title II of ADA for money damages." Dkt. No. 60 at ECF p. 10. Defendants' argument in favor of dismissal, however, does not provide an entirely accurate characterization of the state of the law given that there is no binding appellate precedent which directly concludes that there is no individual liability under Title II of the ADA for money damages. Rather, as it has itself explained, the Court of Appeals for the Third Circuit "has yet to address individual liability under Title II of the ADA." Brown v. Deparlos, 492 F. App'x 211, n.2 (3d Cir. 2012). Instead, the Court of Appeals has cited with approval "decisions of other courts of appeals holding that individuals are not liable under Titles I and II of the ADA." Emerson v. Thiel Coll., 296 F.3d 184, 189 (3d Cir. 2002); see also Boggi v. Medical Review and Accrediting Council, 2009 WL 2951022, at *10 (E.D. Pa. Sept. 15, 2009) (holding that no individual liability can arise under Title II of the ADA). Also, on appeal in Boggi, 415 F. App'x 411, 414-415 (3d Cir. 2011), the Court of Appeals affirmed the District Court's finding that no individual liability for money damages can arise under Title II of the ADA, "albeit in a non-

---

complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

[9] In his response to defendants' motion, plaintiff asserts that "there was an error made in identifying capacities in which defendants are being sued" and he claims that he intended to sue defendant Wetzel "in both his individual capacity and his official capacity for violating Title II of the (ADA) [sic]." Dkt. No. 63 at ECF p. 6. But plaintiff cannot cure this "error" through his response to defendants' motion.

precedential opinion that only arguably settles the question." Powell v. Wetzel, No. 1:12-CV-02455, 2015 WL 1513888, at *2 (M.D. Pa. Mar. 27, 2015); see Boggi, 415 F. App'x at 414-415 ("We further agree with the District Court that Boggi failed to state an ADA claim against any of the non-entity defendants sued in their individual capacities."). Regardless, I need not here decide the question of whether there is individual liability under Title II of the ADA for money damages. I will dismiss plaintiff's ADA claim against the Graterford defendants because his amended complaint fails to allege sufficient facts to establish a plausible claim that the Graterford defendants' alleged conduct was because of any disability.

## II.     Section 1983 Claims[10]

I will also dismiss plaintiff's Section 1983 claims against the Graterford defendants. First, plaintiff cannot use section 1983 as a vehicle to raise a claim for which there is no private right of action. See Gonzaga Univ. v. Doe, 536 U.S. 273, 286 (2002) ("where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action"). In his amended complaint plaintiff claims that defendants' practices violate various Department of Corrections policies including policies regarding the Prison Rape Elimination Act (PREA), inmate abuse, inmate grievance procedures, administration of a security level 5 housing unit and

---

[10] For his Section 1983 claims to withstand dismissal, "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Defendants' personal involvement can be shown by allegations of personal direction or of actual knowledge and acquiescence. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). His complaint must allege the particulars of conduct, time, place and person responsible. Evancho v. Fisher, 423 F.3d 347, 354 (3d Cir. 2005). Although plaintiff's amended complaint, with its attachments is quite lengthy, plaintiff's allegations remain insufficiently specific to support a plausible claim that many of the Graterford defendants had the requisite level of personal involvement in the claimed violation of plaintiff's constitutional rights. Nevertheless, I will dismiss plaintiff's Section 1983 claims against the Graterford defendants for the reasons further set forth herein and not for his failure to sufficiently allege personal involvement.

access to mental health care.[11] Dkt. No. 48 at ECF p. 36. I previously denied plaintiffs PREA claim with prejudice, finding that the PREA does not provide a private right of action. Dkt. No. 44 at ECF p. 1 n.1. In his response to the Graterford defendants' motion plaintiff contends that he "did not reassert in his Amended Complaint an allegation of the" PREA. Dkt. No. 63 at ECF p. 5. Rather, he contends that he is instead attempting to challenge the Department of Corrections' PREA policy. Dkt. No. 63 at ECF p. 5. Plaintiff cannot, however, bring a private action to enforce obligations set forth in the PREA, whether through the statute itself or through his attempt to enforce the DOC PREA policy via section 1983. I will dismiss his claims to the extent that they rest on alleged violations of the DOC PREA policy.

Further, with respect to plaintiff's amended claims against Baker, Barnacle, Boone, Brady, Canino, Cox, Degideo, Flaim, Gregoire (a.k.a. Goberwire), Grunder, Karpinski, Kerschner, Klopotoski, Knapp, Lane, Lewis, Ludwig, Miller, Moore, O'Mara, Ondrejka, Pollard, Regan,[12] Rosetta, Roth, Shaylor, Spagnoletti, Taylor, R. Terra, Thomas, Wenerowicz, Wetzel and Yodis, the amended claims amount to nothing more than claims that they transmitted information regarding plaintiff's complaints, received or viewed copies of his complaints, did nothing after they became aware of his complaints, failed to sufficiently investigate or resolve his grievances, rendered unfavorable decisions with respect to his grievances or filed misconduct reports against him. These allegations are insufficient to show the involvement of these defendants in any alleged underlying deprivation of his rights under the Eighth or Fourteenth

---

[11] I previously dismissed plaintiff's claim under Pennsylvania's Mental Health Procedures Act of 1976, 50 Pa. Stat. Ann. § 7101, et seq. Dkt. No. 44 at ECF p. 1 n.1. Although the Graterford defendants now move to dismiss a claim under the MHPA, Dkt. No. 60 at ECF p. 9, in his response to defendants' motion, plaintiff confirms that he "did not reassert or re-address any claims violating the 'MHPA' in his amended complaint." Dkt. No. 63 at ECF p. 6.

[12] In his response to the Graterford defendants' motion, plaintiff states that he "seeks to dismiss Frank Regan from amended complaint." Dkt. No. 63 at ECF p. 13. I will dismiss plaintiff's claims against Regan.

Amendments.  See e.g., Woods v. First Corr. Med., Inc., 446 F. App'x. 400, 403 (3d Cir. 2011) ("a prisoner has no free-standing constitutional right to an effective grievance process"); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation).  Accordingly, I will dismiss plaintiff's claims against them.

He also asserts claims against Day, Harris, Horne, D.C. James, D.K. James, Laiuvara, Mataes, Mirabel, Nettles, Patton, Pena, Rivera, Sharrer, Webster and Zabresky that they interacted with plaintiff in a way that was unacceptably sexual and that involved inappropriate behavior.  He does not allege, however, that any of their alleged behavior involved contact or touching or that the behavior caused him to suffer pain.  As this Court has previously explained in this matter, though the Court of Appeals for the Third Circuit "has not specifically addressed the circumstances under which a correctional officer can be held liable for the sexual harassment of an inmate," courts elsewhere have held that "sexual harassment in the absence of contact or touching does not establish excessive and unprovoked pain infliction" as is required to state a claim for a constitutional violation.  Chambliss v. Jones, No 14-2435, 2015 WL 328064, at *3 (M.D. Pa. Jan. 26, 2015) (citations omitted); Boxer X v. Harris, 437 F.3d 11107, 1111 (11th Cir. 2006) (finding that solicitation of a prisoner's masturbation, even under the threat of retaliation does not violate the Eighth Amendment); Morales v. Mackalm, 278 F.3d 126, 129 (2d Cir. 2002) (finding that a demand for sex in front of other female staff does not rise to the level of an Eighth Amendment violation), overruled on other grounds in Porter v. Nussle, 534 U.S. 516 (2002); see also Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997) ("To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse

or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind.") (citation omitted). "While the behavior alleged by [plaintiff] on the part of [these defendants] may be inappropriate, without allegations of direct physical contact and, or, pain, it does not rise to the level of an Eighth Amendment Violation." Chambliss, 2015 WL328064, at *3.

Plaintiff asserts claims against Avila, Blakely, Ferguson, Fliszar, Luqis, Poindexter, Smith and Wanamaker which essentially allege that they retaliated against plaintiff for plaintiff's having engaged in various sex acts in their presence. He also asserts claims against Allison, Brown, Crane, Cross, Grenevich, Jones, Luquis, Mateus (Matues), McCallander, Mejias, Ransome, Robinson (Robison), Rozich and J. Terra for their alleged roles in other claimed acts which were retaliatory (many of which can be construed as being only tenuously retaliatory). To withstand dismissal, a prisoner alleging retaliation must show that: (1) he engaged in constitutionally protected conduct, (2) he then suffered some adverse action caused by prison officials; and (3) a causal link existed between the protected conduct and the adverse action. Obiegbu v. Werlinger, 581 F. App'x 119, 122 (3d Cir. 2014, citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). I find that plaintiff has not plausibly alleged that he engaged in constitutionally protected conduct and that, even if he has, he has not plausibly alleged there was a causal link between his conduct and the alleged adverse actions that he claims were taken by these defendants. See Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'").

Plaintiff's claims against the Graterford defendants will be dismissed with prejudice. The "Court 'has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as

to the deficiencies in his complaint, but chose not to resolve them.'" Franks v. Food Ingredients Int'l, Inc., No. 09-3649, 2010 WL 3046416, at *8 (E.D. Pa. July 30, 2010), quoting Krantz v. Prudential Invs., 305 F.3d 140, 144 (3d Cir. 2002).  Plaintiff has already been afforded an opportunity to amend his complaint and state a legally sufficient basis for his claims.  To allow further amendment would be futile and/or inequitable. See Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004) ("Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility.").

    An appropriate Order follows.